IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HOWARD L. DRAKE, | ) | CASE NO. 1:18-CV-2937 |
| | ) | |
| Petitioner, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| DAVE MARQUIS, Warden | ) | |
| Richland Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |

This matter has been referred to the undersigned United States Magistrate Judge for preparation of a Report and Recommendation pursuant to Local Rule 72.2(b)(2). Before the Court is the Petition of Howard L. Drake ("Drake" or "Petitioner"), for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Drake is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case *State v. Howard L. Drake*, Cuyahoga County Court of Common Pleas Case No. CR-16-606259. For the following reasons, the undersigned recommends that the Petition be DISMISSED.

**I. Summary of Facts**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts are presumed correct unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Franklin v. Bradshaw*, 695 F.3d

439, 447 (6th Cir. 2012); *Montgomery v. Bobby*, 654 F.3d 668, 701 (6th Cir. 2011). The state appellate court never considered an appeal of this case on the merits, and made no findings of fact.

## II. Procedural History

### A. Trial Court Proceedings

On May 26, 2016, the Cuyahoga County Grand Jury indicted Drake on the following charges:

- one second-degree felony O.R.C. 2903.11(A)(1) Felonious Assault charge;

- one second degree felony O.R.C. 2903.11(A)(2) Felonious Assault charge; and

- one first-degree felony O.R.C. 2923.02/2903.02(A) Attempted Murder charge.

(Doc. No. 8-1, Ex. 1.)

Drake initially rejected a plea agreement offer. (Doc. No. 8-1, Ex. 3.) Prior to trial, however, Drake accepted a plea agreement, and pled guilty to one second-degree felony O.R.C. 2903.11(A)(1) Felonious Assault charge, pursuant to a negotiated plea agreement. The trial court accepted Drake's guilty plea, and the trial court entered *nolle prosequi* for the remaining charges at the state's request. (Doc. No. 8-1, Ex. 4.) Drake's counsel requested a pre-sentencing report and a drug and alcohol assessment, which were both ordered by the trial court. (Doc. No. 8-1, Ex. 8.)

On October 20, 2016, the trial court held a sentencing hearing, and sentenced Drake to seven years in prison and three mandatory years of post-release control. (Doc. No. 8-1, Ex. 5.)

### B. Direct Appeal

On November 17, 2016, Drake, through new appellate counsel, filed a timely notice of appeal to the state appellate court. Drake's appointed counsel filed a motion for leave to withdraw

as counsel.¹ (Doc. No. 8-1, Ex. 10. ) He averred that he thoroughly reviewed the record, transcripts, and applicable law, and that he did not believe that meritorious, nonfrivolous errors exist. (Doc. No. 8-1, Ex. 11.) Specifically, Drake's appointed counsel averred that:

> 1. The record indicates that Appellant's guilty plea was made knowingly, intelligently, and voluntarily, as the trial court fully complied with Crim. R. 11; and
>
> 2. The trial court did not err by sentencing Appellant to seven (7) years imprisonment.

(*Id*.)

The state appellate court notified Drake that his appellate attorney sought to withdraw and that Drake was permitted to file a *pro se* brief by April 10, 2017.² (Doc. No. 8-1, Ex. 12.) Drake did not timely file a *pro se* appellate merit brief, and on June 8, 2017, under Case No. CA-16-105176, the state appellate court found "no meritorious issues for appellate review," granted Drake's appellate attorney's motion to withdraw, and dismissed Drake's appeal. *State v. Drake*, 8th Dist. Cuyahoga No. 105176, 2017- Ohio-4190. (Doc. No. 8-1, Ex. 13.)

On June 4, 2017, Drake filed a *pro se instanter* motion for extension of time to file a brief.³ (Doc. No. 8-1, Ex. 14.) On June 19, 2017, the state appellate court dismissed this motion as moot. (Doc. No. 8-1, Ex. 15.)

Drake filed a *pro se* motion for reconsideration pursuant to Ohio App .R. 26(A). (Doc. No. 8-1, Ex. 16.) The State filed a brief in opposition. (Doc. No. 8-1, Ex. 17.) Drake filed a reply. (Doc. No. 8-1, Ex. 18.) On July 13, 2017, the state appellate court denied Drake's motion for

---

¹ This is known as an "Anders" brief, as it follows the ruling on in *Anders v. California*, 386 U.S. 738 (1967).

² As discussed *infra*, Drake avers he never received this notification. (Doc. No. 12 at 2.)

³ The filing stamp indicates this motion reached the court on June 8, 2017.

reconsideration. (Doc. No. 8-1, Ex. 19.)

On August 8, 2017, Drake timely filed a *pro se* appeal notice in the Ohio Supreme Court. (Doc. No. 8-1, Ex. 20.) Drake raised this proposition of law in his memorandum in support of jurisdiction:

> 1. Appellant's rights to Due Process and Equal Protection under the United States and Ohio Constitution were violated when the Eight District Court of Appeals dismissed his appeal and subsequent Motion for Reconsideration without allowing him the opportunity to file a *pro se* brief.

(Doc. No. 8-1, Ex. 21.) The State filed a memorandum in response. (Doc. No. 8-1, Ex. 22.) On November 1, 2017, under Case No. 2017-1089, the Ohio Supreme Court declined to accept jurisdiction of Drake's appeal pursuant to Ohio S. Ct. Prac. R. 7.08(B)(4). *State v. Drake*, 84 N.E.3d 1065 (Ohio 2017).

Drake did not timely file a petition for certiorari in the United States Supreme Court and his filing deadline expired January 30, 2018. Sup. Ct. R. 13; Sup. Ct. R. 30.

**C.     Post-Conviction Filings**

    **1.     Motion to withdraw plea & petition to vacate or set aside judgment of conviction of sentence**

On April 19, 2017, Drake filed a *pro se* motion to withdraw his plea pursuant to Ohio Crim. R. 32.1. (Doc. No. 8-1, Ex. 24.) The State did not file a written response.

On April 25, 2017, the trial court determined the "court does not have jurisdiction as an appeal is pending," and denied Drake's post-conviction relief motion. (Doc. No. 8-1, Ex. 25.)

Drake timely filed a *pro se* appeal notice in the state appellate court under Case No. CA-17-105823. (Doc. No. 8-1, Ex. 26.) Drake also filed a motion for appointment of counsel. (Doc. No. 8-1, Ex. 27.) The trial court denied this motion. (Doc. No. 8-1, Ex. 28.)

On May 16, 2017, Drake filed a *pro se* petition to vacate or set aside judgment of conviction or sentence. (Doc. No. 8-1, Ex. 29.) The State did not file a written response, and on May 24, 2017, the trial court again determined the "court does not have jurisdiction as an appeal is pending," and denied Drake's post-conviction relief motion. (*Id*. at Ex. 30.) Drake timely filed a *pro se* appeal notice in the state appellate court under Case No. CA-17-105908. (*Id*. at Ex. 31.)

The state appellate court *sua sponte* consolidated Drake's pending collateral appeals and ordered Drake to file an appellant's brief by July 19, 2017. (*Id*. at Ex. 32.) The state appellate court later vacated the consolidation order and dismissed Case No. CA-17-105823 because Drake failed to timely file an Appellant's brief. (*Id*. at Ex. 33.)

Drake filed a "Supplemental" brief and raised this error assignment:

1. The trial court erred in denying Defendant-Appellant's petition for Post Conviction Relief ruling that, the trial court does not have jurisdiction because pending appeal.

(*Id*. at Ex. 34.) The State did not file a written response. On August 24, 2017, the state appellate court sustained Drake's error assignment and reversed and remanded the case to the trial court and instructed the trial court to rule on Drake's motion to withdraw his guilty plea. (*Id*. at Ex. 35.)

On December 26, 2017, Drake filed an Ohio App. R. 26(A) motion for reconsideration. (*Id*. at Ex. 36.) The state appellate court denied this motion as untimely. (*Id*. at Ex. 37.)

After remand, the State filed a brief in opposition to Drake's April 19, 2017 motion to withdraw his plea pursuant to Crim.R. 32.1. (*Id*. at Ex. 38.) The trial court denied Drake's motion to withdraw his plea pursuant to Crim.R. 32.1, and issued a Nunc Pro Tunc entry on November 1, 2017. (*Id*. at Exs. 39 & 40.)

Drake filed an untimely *pro se* appeal notice in the state appellate court under Case No. CA-17-106551 pertaining to the trial court's order that denied Drake's motion to withdraw his guilty

plea. (*Id*. at Ex. 41.) Drake filed a "Supplemental" brief and raised this error assignment:

1. The trial court erred in denying Defendant-Appellant's Motion to Withdraw Plea pursuant to Crim. R. 32.1 without an evidentiary hearing, in violation of the Sixth and Fourteenth Amendment.

(*Id*. at Ex. 42.) The State filed an Appellee's brief. (*Id*. at Ex. 43.) Drake filed a motion to supplement the record, and a reply brief. (*Id*. at Exs. 44 & 45) The state appellate court denied Drake's motion to supplement the record. (*Id*. at Ex. 46.) On August 30, 2018, the state appellate court dismissed Drake's appeal as untimely. *State v. Drake*, No. 106551, 2018 WL 4276124 (Ohio Ct. App. Aug. 30, 2018) (Doc. No. 8-1 at Ex. 47.)

On December 26, 2017, Drake filed an Rule 26(A) motion for reconsideration. (*Id*. at Ex. 48.) The state appellate court denied this motion as untimely. (*Id*. at Ex. 49.)

Drake did not appeal either state appellate court order to the Ohio Supreme Court, and his deadline to make a timely appeal expired on Monday, October 15, 2018. *See* Ohio S .Ct. Prac. R. 3.03(A)(1); Ohio S. Ct. Prac.R. 7.01(A)(1)(a)(i).

**2. Motion for Findings of Fact & Conclusions of Law**

On November 16, 2017, Drake filed a motion for findings of facts and conclusions of law in the trial court. (Doc. No. 8-1 at Ex. 50.) The State filed a brief in opposition. (*Id*. at Ex. 51.) The trial court denied Drake's motion. (*Id*. at Ex. 52.)

On January 17, 2018, Drake filed a *pro se* appeal notice. (*Id*. at Ex. 53.) On January 22, 2018, under Case No. CA-18-106734, the state appellate court *sua sponte* dismissed Drake's appeal as untimely. (*Id*. at Ex. 54.)

Drake did not timely appeal the state appellate court order to the Ohio Supreme Court and his filing deadline expired on March 8, 2018. See Ohio S. Ct. Prac. R. 3.03(A)(1); Ohio S. Ct. Prac.

R. 7.01(A)(1)(a)(I).

### 3. Second Post-Conviction Petition R.C. 2953.21

On November 9, 2018, Drake filed another *pro se* post-conviction relief petition, in which he alleged that his trial attorney was unconstitutionally ineffective "because counsel failed to comply with [Ohio] Crim. R. 16(H) discovery right to copy photograph." (Doc. No. 8-1 at Ex. 55.) Drake also filed a motion for appointment of counsel. (*Id*. at Ex. 56.) The State filed a brief in opposition. (*Id*. at Ex. 57.) On November 30, 2018, the trial court denied Drake's post-conviction relief petition as untimely and issue precluded by *res judicata*. (*Id*. at Ex. 58.) Drake did not appeal the trial court decision to the state appellate court and his deadline to file a timely appeal was Monday, December 31, 2018. *See* Ohio App. R. 4(A)(1); Ohio App.R. 14(A)

### D. Federal Habeas Petition

On December 17, 2018,[4] Drake filed a Petition for Writ of Habeas Corpus in this Court and asserted the following grounds for relief:

> **GROUND ONE**: Trial Counsel was ineffective in violation of U.S. Constitution 6th Amendment and the Ohio Constitution.
>
>> **Supporting Facts**: Trial Counsel's performance was deficient because he failed to present as evidence and sentencing mitigation factors, the photos that were provided to him and I was prejudiced because I would have received a significant lower sentence had the photos been presented to the sentencing judge. Had I known trial counsel did not present the photo evidence that was emailed to him, I would not have plead guilty and would went to trial. (sic)

---

[4] Under the mailbox rule, the filing date for a *pro se* petition is the date that a petitioner delivers it to prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988). While the Petition herein did not arrive at the Court for filing until December 21, 2018, Drake states that he placed it in the prison mailing system on December 17, 2018. (Doc. No. 1 at 15.) Thus, the Court will consider the Petition as filed on December 17, 2018.

7

(Doc. No. 1 at 5.)

On February 20, 2019, Warden Dave Marquis ("Respondent") filed his Return of Writ. (Doc. No. 8.) Petitioner filed a Traverse on March 22, 2019. (Doc. No. 12.) Respondent filed a Reply on April 8, 2019. (Doc. No. 13.)

### III. Exhaustion and Procedural Default

**A.    Legal Standard**

Petitioners must exhaust their state remedies prior to raising claims in federal habeas corpus proceedings. *See* 28 U.S.C. § 2254(b), (c). This requirement is satisfied "when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Federal courts will not consider the merits of procedurally defaulted claims, unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or where failure to review the claim would result in a fundamental miscarriage of justice. *See Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). A claim may become procedurally defaulted in two ways. *Id.* First, a petitioner may procedurally default a claim by failing to comply with state procedural rules in presenting his claim to the appropriate state court. *Id.; see also Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If, due to petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted.[5] *Id.*

---

[5] In *Maupin*, the Sixth Circuit established a four-step analysis to determine whether a claim is procedurally defaulted. 785 F.2d at 135. Under this test, the Court decides (1) whether the petitioner failed to comply with an applicable state procedural rule, (2) whether the state

Second, a petitioner may also procedurally default a claim by failing to raise and pursue that claim through the state's "ordinary appellate review procedures." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999). If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, it is procedurally defaulted. *Engle v. Isaac*, 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731 32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Lovins*, 712 F.3d 283, 295 (6th Cir. 2013) ("a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule.") This second type of procedural default is often confused with exhaustion. Exhaustion and procedural default, however, are distinct concepts. AEDPA's exhaustion requirement only "refers to remedies still available at the time of the federal petition." *Engle*, 456 U.S. at 125 n.28. Where state court remedies are no longer available to a petitioner because he failed to use them within the required time period, procedural default and not exhaustion bars federal court review. *Id*. In Ohio, a petitioner is not entitled to raise claims in post-conviction proceedings where those claims could have been raised on direct appeal. *Id.* Thus, if an Ohio petitioner failed to raise a claim on direct appeal, which could have been raised, the claim is procedurally defaulted. *Id.*

---

courts actually enforced the state procedural sanction, (3) whether the state procedural bar is an "independent and adequate" state ground on which the state can foreclose federal review, and (4) whether the petitioner has demonstrated "cause" and "prejudice." *Id.* at 138 39; *Barkley v. Konteh*, 240 F. Supp. 2d 708 (N.D. Ohio 2002). "In determining whether a state court actually enforced a procedural rule, we apply the 'plain statement' rule of *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983)." *Lovins v. Parker*, 712 F.3d 283, 296 (6th Cir. 2013) ("a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar.") (citations omitted).

A claim is adequately raised on direct appeal if it was "fairly presented" to the state court. To fairly present a claim to a state court a petitioner must assert both the legal and factual basis for his claim. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a "petitioner must present his claim to the state courts as a federal constitutional issue-not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A petitioner can take four actions in his brief which are significant to the determination as to whether a claim has been fairly presented as a federal constitutional claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

A petitioner's procedural default, however, may be excused upon a showing of "cause" for the procedural default and "actual prejudice" from the alleged error. *See Maupin*, 785 F.2d at 138 39. "Demonstrating cause requires showing that an 'objective factor external to the defense impeded counsel's efforts to comply' with the state procedural rule." *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Meanwhile, "[d]emonstrating prejudice requires showing that the trial was infected with constitutional error." *Id.* Where there is strong evidence of a petitioner's guilt and the evidence supporting petitioner's claim is weak, the actual prejudice requirement is not satisfied. *See United States v. Frady*, 456 U.S. 152, 172, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Perkins v. LeCureux*, 58 F.3d 214, 219 20 (6th Cir. 1995); *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Prejudice does not occur unless petitioner demonstrates "a reasonable probability" that the outcome of the trial would have been

10

different. *See Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003) (citing *Strickler v. Greene*, 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)).

Finally, a petitioner's procedural default may also be excused where a petitioner is actually innocent in order to prevent a "manifest injustice." *See Coleman v. Thompson*, 501 U.S. 722, 749 50, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Conclusory statements are not enough  a petitioner must "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). *See also Jones v. Bradshaw*, 489 F. Supp. 2d 786, 807 (N.D. Ohio 2007); *Allen v. Harry*, 497 F. App'x 473, 480 (6th Cir. 2012).

**B.      Application to Petitioner**

The Respondent assets that Drake is not entitled to habeas relief he did not fairly present and properly exhaust his Sixth Amendment right to counsel claim in state court, and offers no legally sufficient excuse for his multiple state court procedural defaults. (Doc. No. 8 at 22.) He notes that Drake's assigned appellate counsel withdrew from representation after averring that he had throughly reviewed the record, and determined that he could not in good faith argue that any meritorious, non-frivolous errors existed. (Doc. No. 8-1, Ex. 11.) After the court granted the assigned attorney's motion to withdraw, Drake did not timely file a *pro se* brief in support of his appeal. (*Id*.) Further, Respondent notes that Drake did not raise any Sixth Amendment right to trial counsel claims in his direct appeal to the Ohio Supreme Court, his April 19, 2017 motion to withdraw his plea pursuant to Ohio Crim. R. 32.1, or his May 16, 2017 petitioner to vacate or set aside judgment of conviction or sentence. (*Id*.) The only place in the record where Drake raised this claim was his November 9,

2018 post-conviction relief petition. After the trial court denied Drake's November 9, 2018 petition, Drake did not timely appeal that decision to the state appellate court. (*Id.*) Therefore, he never fairly presented his claim to the state appellate court and Ohio Supreme Court as required by law.

Drake does not dispute that he defaulted the Sixth Amendment claim raised here multiple times, but argues that he has cause for all of his defaults, blaming them on errors made by the various courts and his resulting confusion about proper procedures. (Doc. No. 12 at 15.) For example, he blames his failure to timely appeal to the Supreme Court of Ohio on the Clerk of Court for the Cuyahoga County Court of Appeals, who erroneously sent the Judgment Entry in his case to the wrong post office box, so that he did not receive it in time to file his appeal in a timely manner. (Doc. No. 12 at 13.) He also asserts that he failed to file a brief in support of his initial appeal because he did not understand the implications of appellate court's notification that his attorney had withdrawn. (*Id.* at 2.) Generally, he explains that "it was the confusion created by the trail court and the court of appeals" handling his post-conviction filings, that "caused him to miss deadlines." (*Id.* at 15.)

It is undisputed that Drake did not raise any Sixth Amendment right to trial counsel claims in his direct appeal to the state appellate court. This is because he failed to file a merit brief in that appeal. The state appellate court notified Drake that his appellate attorney had filed a brief in conformity with *Anders v. California*, 386 U.S. 738 (1967), and that Drake was permitted to file a *pro se* merits brief by April 10, 2017. (Doc. No. 8-1, Ex. 12.) Drake did not file a timely *pro se* brief. *State v. Drake*, 8th Dist. Cuyahoga No. 105176, 2017-Ohio-4190. (*Id.* at Ex. 13.)

Drake argues that he had cause for this appeal because he did not receive the state trial

court's notification, however he offers no proof of this assertion.[6] Further, he does not asset that his appellate counsel failed to notify him of his intention to withdraw.

Drake also failed to raise any Sixth Amendment right to trial counsel claims in his direct appeal to the Ohio Supreme Court. (*Id*. at Ex. 21.) Additionally, Drake did not raise his current Sixth Amendment right to trial counsel claim in his April 19, 2017 motion to withdraw his plea pursuant to Ohio Crim. R. 32.1, or his Petition to Vacate or Set Aside Judgment of conviction or sentence. (*Id*. at Exs. 24 & 29.) He attributes these failures to "confusion" created by the trial court when it consolidated his pending collateral appeals. (Doc. No. 12 at 15.)

Drake first raised a claim similar to the one in his habeas petition in his November 9, 2018 Petition for Post-conviction Relief. (Doc No. 8-1, Ex. 56.) The trial court dismissed this petition, noting that Drake "has failed to satisfy the requirements of Ohio Revised Code 2953.23(A) for the Court to consider his petition and the arguments are also barred by *res judicata*." (*Id*. at Ex. 58.) Drake failed to make a timely appeal of that dismissal to the state appellate court, and thus he never presented the claims in this Habeas Petition to the state appellate court and Ohio Supreme Court.

While *pro se* filings are liberally construed by the Court, it is clearly established that a *pro se* petitioner's ignorance of the law and procedural requirements for filing appeals does not constitute cause for excusing his procedural default of an appeal. *Bonilla v. Hurley,* 370 F.3d 494, 498 (6th Cir. 2004) (*per curiam*), citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995). Assuming,

---

[6] Drake demonstrates awareness that this type of allegation requires proof by citing another cases where an incarcerated petitioner used an affadvit from a prison employee who reviewed prison mail logs to demonstrate the petitioner had not received legal mail during relevant periods. (Doc. No. 12 at 12.) Further, in his Motion for Reconsideration of the dismissal of his direct appeal, Drake explained that, while he was on notice he might have to file a *pro se* brief, he believed that he needed to await the court's permission to do so, and that grant of permission would trigger the 45-day response deadline. (Doc. No. 8-1, Ex. 16.)

13

*arguendo,* that the Clerk's error was an external factor which provided legally sufficient cause for Drake's inability to file his appeal with the Ohio Supreme Court within the 45 day deadline provided by law, the appropriate remedy was to file a motion for delayed appeal under Ohio Rule of Practice 7.01(A)(4). Here, Drake chose to disregard the advice of the court clerk, who advised him to do this, based on his own determination that this rule would not apply as his appeal involved post-conviction relief. Finally, Drake cannot rely on ineffective assistance of appellate counsel as cause to excuse his multiple defaults because any potential Sixth Amendment right to appellate counsel claim is itself procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) ("an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted"); *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011) ("For ineffective assistance of appellate counsel to serve as cause, the petitioner must first have properly presented the claim of ineffective assistance of appellate counsel to the state courts, so that this claim also is not procedurally defaulted."); *Monzo v. Edwards*, 281 F.3d 568, 577-578 (6th Cir. 2002), *citing State v. Murnahan*, 584 N.E.2d 1204 (1992).

In the absence of cause, a court need not reach the issue of prejudice. *See Simpson v. Jones*, 238 F.3d 399, 409 (6th Cir. 2000); *Sandridge v. Buchanan*, 1:16CV2299, 2017 WL 2255378, at *11 (N.D. Ohio April 27, 2017). However, assuming, *arguendo*, that Drake showed cause for his procedural defaults, he is unable to show that they caused actual prejudice. The claim that he assets he would have presented to the state courts, and presents here in his habeas petition, is that his trial counsel was ineffective because he failed to include two photographs as part of evidence of

mitigating factors he presented to the court during the sentencing phase of the trial.[7] (Doc. No. 12 at 17.) However, the trial judge made clear that it was Drake's testimony at the hearing, in which he failed to take responsibility for his actions, that convinced her to impose the a sentence of seven years in prison:

> Court: I understand that your letter and what you're saying here today, you're saying that you're sorry. I will note though in the [presentencing investigation report] there is an indication you say that the victim cut you on the neck and ran. As its already been stated, you didn't stay around long enough to have anyone investigate this, but this is what I find more telling in the [report] anyway. He came back and attacked the car and I tried to get away and ran over him in the process. Is that what you're telling the court?
>
> Defendant:   That's correct, Your Honor, how it happened.
>
> Court: So your saying it really wasn't your fault. It was his fault.
>
> Defendant: No. I'm not saying it that way because it mainly was my fault. Honestly it was my fault because everything could have been avoided. I know everything could have been avoided.
>
> Court: I'm talking about your statement to the probation officer that the victim came back, attacked the car and you tried to get away, and it was in trying to get away you ran him over. Is that your version of the offense?
>
> Defendant: No. Basically I just panicked. I panicked, Your Honor. I had someone in the car with me. I was basically trying to get out of the way. Get out of harm's way.
>
> Court: You panicked? Are you saying you panicked when you ran him over and then backed up and dragged him, that's panic?
>
> Defendant: No, Your Honor.
>
> Court: So what is it? You intentionally ran him over, didn't you?

---

[7] Drake asserts that the photographs showed razor cuts on his neck, providing evidence in support of his assertion that the victim in the case cut him on the neck and ran away before Drake hit him with his car. (Doc. No. 12 at 18-19.)

> Defendant: I didn't, Your Honor.
>
> Court: You didn't. Really? Okay, you didn't.
>
> Defendant: That's what I said though.
>
> Court: What's telling to me is that you just said you did not intentionally run him over so that says it all . . . . Mr. Drake, you had a chance today to acknowledge what really happened here, and if you had done that, you might have had a little bit less time. . . . [Trial counsel] has done a good job in putting this package together and making arguments on your behalf, and I was considering giving you less time than I thought when the plea was taken, but I want you to understand that it was your own words that formed the basis for the seven-year sentence as opposed to something a little bit less.

(Doc. No. 8-1, Ex. 11 at PageID#126-31.) This exchange makes clear that the trial court judge did not base her sentencing decision on her assessment of the truth of Drake's claim that he had been injured in the prior altercation between the parties. Therefore, further evidence bolstering that claim would not have affected his sentencing.

Finally, Drake offers no evidence of actual innocence. He does not dispute the truth of his guilty plea, and the evidence he believes should have been presented at the post-conviction proceeding goes towards establishing mitigating factors, not innocence. He fails to present any new, reliable evidence of his innocence. Therefore, the Court finds Harris has failed to demonstrate the procedural default of his habeas petition should be excused on the basis of actual innocence.

Accordingly, and for all the reasons set forth above, it is recommended the petition be DISMISSED as procedurally defaulted

### IV. Request for Evidentiary Hearing

In his Traverse, Drake requests an evidentiary hearing "because Drake's argument and evidence (two photos) are matters outside the record and because the state record was not adequately developed to resolve Drake's claim and additional factual inquiry is necessary." (Doc. No. 12 at 19.)

16

He does not advance any further argument or explanation as to this request.

"[A] district court shall not hold an evidentiary hearing on a habeas claim unless the petitioner, who failed to develop the factual basis of the claim in state court, 'shows that the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence.' " *Freeman v. Trombley,* 483 Fed. App'x 51, 66 (6th Cir. 2012) (citing 28 U.S.C. § 2254(e)(2)(A)(ii)). "Diligence for purposes of § 2254(e)(2) depends on 'whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court.' " *Robinson v. Howes,* 663 F.3d 819, 824 (6th Cir. 2012) (quoting McAdoo v. Elo, 365 F.3d 487, 500 (6th Cir. 2004)).

As discussed *supra*, Drake failed to diligently pursue his claim in state courts, leading to procedural default of his current habeas petition. Accordingly, it is recommended the Court find an evidentiary hearing is not warranted and deny Drakes's request for the same.

### V. Conclusion

For all the reasons set forth above, it is recommended that the Request for an Evidentiary Hearing be DENIED, and the Petition be DISMISSED.

Date: September 14, 2020            *s/ Jonathan Greenberg*
                                    Jonathan D. Greenberg
                                    United States Magistrate Judge

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).**